Xavier C. Riccobono, J.
The landlord brings this proceeding to dispossess the tenant pursuant to section 8 (subd. [gg], par. [1]) and section 12 of the Business Rent Law of the State of New York (L. 1945, ch. 314, as amd.) on the grounds that it has complied with said sections in that, on June 25, 1956 it had offered to enter into a lease with the tenant for possession of store premises herein at a rental in the same amount as the emergency rent with respect to the store premises occupied by the tenant.
It is undisputed that the parties did enter into a lease for a term commencing July 1, 1956 and ending June 30, 1958, at a rental in the same amount as the emergency rent.
*990 On February 18,1959, the landlord gave notice to vacate and surrender the premises pursuant to said section providing for decontrol of the premises.
The questions involved in this proceeding are:
1) Whether the proffered lease was on substantially similar terms and conditions as existed with respect to such tenancy, and if not;
2) Whether the tenant waived any of the provisions of the act by virtue of her having executed the said lease and holding thereunder.
The tenant has occupied the premises for some 21 years and up until she executed the lease in question occupied same as a monthly tenant under an oral letting.
Section 8 (subd. [gg], par. [1]) provides that a landlord must offer to make a lease:
1) “ for a term to commence on the first day of the month next succeeding the twentieth day after the mailing of such offer as hereinafter provided and to expire on June thirtieth, nineteen hundred fifty-eight ”.
2) “ at a rental in the same amount as the emergency rent ”.
3) “ and otherwise on substantially similar terms and conditions as existing with respect to such tenancy”.
Here, the offer to make a lease was mailed on June 25, 1956. The term offered should have been from the first day of the month next succeeding the 20th day thereafter. July 15, 1956 being the expiration date of said offer, the lease should have commenced on August 1,1956. Instead, the lease commenced on July 1, 1956.
The lease offered, a real estate board, standard form of store lease, was obviously not “ on substantially similar terms and conditions as existing with respect to such tenancy.”
The court is of the view that since the relief sought herein is statutory, the statute must be strictly complied with. Nor may the landlord contend that the tenant has waived the provisions of the act, since section 12 of the Business Bent Law specifically provides “ Any waiver of any of the provisions of this act shall be unenforceable and void ’ ’.
The court finds, therefore, that the landlord has failed to comply with section 8 (subd. [gg], par. [1]) and that the tenant has not waived any provisions thereof and accordingly grants final order for tenant dismissing the petition.-